UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LOWE,<br>    Petitioner,<br>    v.<br>CLARK KENT, Warden,<br>    Respondent. | NO. CV 09-891-SVW (AGR)<br><br>ORDER TO SHOW CAUSE |

On February 5, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **March 9, 2009**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

According to the Petition, Petitioner was convicted of second degree murder with use of a knife. Petitioner was sentenced to state prison for 15 years

to life, plus two one-year enhancements on May 11, 2005.  (Petition at 2.)  The California Court of Appeal affirmed the judgment on May 4, 2006.  (*Id.* at 2-3.)  The California Supreme Court denied review on August 16, 2006 in Case No. S144479.[1]  (*Id.* at 3; *People v. Lowe*, Case No. S144479, 2006 Cal. LEXIS 9859 (2006)).  The Petition states that Petitioner did not file any state habeas petitions. (Petition at 3.)

On February 1, 2009, Petitioner signed and mailed the Petition filed in this Court.  (*Id.* at 8 & Proof of Service.)  Petitioner raised two grounds challenging jury instructions. (*Id.* at 5 & attached page.)

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

On direct appeal, the California Supreme Court denied review on August 16, 2006.  *People v. Lowe*, Case No. S144479, 2006 Cal. LEXIS 9859 (Aug. 16, 2006). Therefore, Petitioner's conviction became final 90 days later on November 14, 2006.  *Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Absent tolling, the statute of limitations expired one year later on November

---

[1] The Petition provides the correct case number, Case No. 144479, but states that the date of decision was August 16, 2007. (Petition at 3.)  The year is incorrect according to the online California Supreme Court docket.  The Petition is untimely even assuming that the date of decision is August 16, 2007.

2

14, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(A).  The Petition was signed and mailed on February 1, 2009, over 14 months late.  Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the Petition states that no state habeas petition was ever filed.  Therefore, statutory tolling is not available.

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling.  *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007).  Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.*  The extraordinary circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament."  *Id.*

The Petition does not provide any basis for equitable tolling.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **March 9, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.  Petitioner's response must explain why his petition is not barred by the statute of limitations.

3

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: February 6, 2009

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

4